The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Douglas Berger. The appealing party has not shown good ground to receive further evidence or amend the Decision and Order.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. At all times relevant to this case, plaintiff was an inmate in the custody of the North Carolina Department of Correction, including the Randolph Correctional Center in Asheboro, North Carolina.
2. While an inmate in the custody of the North Carolina Department of Correction, plaintiff was diagnosed with various medical conditions, including polycystic kidney disease and polycythemia. The treatment for these conditions included that plaintiff be provided with special renal and low sodium diets.
3. At all times relevant to plaintiffs claim, the administrative, dietary, and medical personnel of the North Carolina Department of Correction and of the Randolph Correctional Center, including each of the individual employees named by plaintiff, complied with the special dietary and medical requirements of plaintiff. At all times the named employees provided dietary and medical treatment as was customary, reasonable, and appropriate under the circumstances.
4. Plaintiff offered no expert medical testimony, records, or other evidence sufficient to show that plaintiff received an improper diet while an inmate at the Randolph Correctional Center or otherwise while in the custody of the North Carolina Department of Correction.
5. Plaintiff offered no expert medical testimony, records, or other evidence sufficient to show that the medical care and treatment provided plaintiff while an inmate at the Randolph Correctional Center or otherwise while in the custody of the North Carolina Department of Correction or any health care provider employed by them or acting on their behalf, including each of the individuals specifically named in plaintiffs Affidavit, was not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged acts giving rise to plaintiffs claims as required by N.C. Gen. Stat. 90-21.12.
6. Plaintiff offered no expert medical testimony, records, or other evidence sufficient to show that plaintiff sustained any injury or damage as a result of dietary or medical care while an inmate at the Randolph Correctional Center or otherwise while in the custody of the North Carolina Department of Correction.
7. Plaintiff testified that the Utilization and Review Board deliberately and intentionally denied to him the use of nicotine patches. Plaintiff could not identify or name any specific individual employee of the Utilization Review Board whose conduct was allegedly negligent or otherwise harmful to plaintiff.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff has presented insufficient evidence to establish that defendant, by and through any of its agents or employees, engaged in any negligent conduct regarding the special dietary and medical needs required by plaintiff as a result of his medical conditions or otherwise alleged by plaintiff in this action.
2. Plaintiff has presented insufficient evidence to establish that plaintiff sustained any injury or damages as a result of the dietary or medical treatment plaintiff received while in the custody of defendant or otherwise as a result of any conduct on the part of any employee or agent of defendant.
3. In that plaintiff has alleged intentional and deliberate misconduct on the part of the Utilization Review Board and did not name any individual employee of the Board whose conduct was allegedly negligent, plaintiff has failed to comply with the jurisdictional requirements of N.C. Gen. Stat. 143-291(a) and N.C. Gen. Stat. 297(2). Plaintiff has therefore failed to state a claim against the Utilization Review Board for which the Industrial Commission may grant relief.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Under the law, plaintiffs claim, including specifically each of the claims for relief alleged in the Affidavit and Amended Affidavit filed in this matter must be, and hereby are, DENIED.
2. Each side shall bear its own costs.
This is the ___ day of March, 2001.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER